**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-4733**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ELIJAH OMARI REDFERN,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, Chief District Judge.  (1:23-cr-00073-CCE-1)

_____

Submitted:  April 15, 2025                                  Decided:  May 1, 2025

_____

Before NIEMEYER, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Louis C. Allen, Federal Public Defender, Kathleen A. Gleason, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Margaret M. Reece, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elijah Omari Redfern appeals the 70-month sentence imposed following his guilty plea, pursuant to a written plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2018).[1]  On appeal, Redfern argues that the district court erred in calculating his advisory Sentencing Guidelines range by imposing a two-level enhancement based on its determination that the offense involved three firearms.  *See* U.S. Sentencing Guidelines Manual § 2K2.1(b)(1)(A) (2023).  Finding no error, we affirm.

We review the factual findings underlying a district court's application of a Guidelines enhancement for clear error and its legal conclusions de novo.  *United States v. Dennings*, 922 F.3d 232, 235 (4th Cir. 2019).  "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *United States v. Wooden*, 887 F.3d 591, 602 (4th Cir. 2018) (internal quotation marks omitted).  "If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently."  *United States v. Ferebee*, 957 F.3d 406, 417 (4th Cir. 2020) (internal quotation marks omitted).

---

[1] Section 924(a)(2) was amended and no longer provides the penalty for § 922(g)(1) convictions.  *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022).  The new 15-year statutory maximum set forth in 18 U.S.C. § 924(a)(8) does not apply in this case because Redfern's offense occurred before the June 25, 2022, amendment to the statute.

At sentencing, Redfern conceded that he possessed two firearms but argued that the Government failed to establish his possession of a Glock 20 handgun recovered from the vehicle he was driving during a December 2021 traffic stop. The Government is required to prove a disputed Guidelines enhancement by a preponderance of the evidence, *United States v. Kobito*, 994 F.3d 696, 701 (4th Cir. 2021), which "simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence," *United States v. Patterson*, 957 F.3d 426, 435 (4th Cir. 2020) (internal quotation marks omitted).

Possession of a firearm may be actual or constructive. *United States v. Lawing*, 703 F.3d 229, 240 (4th Cir. 2012). "Constructive possession requires ownership, dominion, or control over the contraband or the premises or vehicle in which the contraband was concealed and knowledge of the presence of the contraband." *United States v. Moody*, 2 F.4th 180, 189 (4th Cir. 2021) (internal quotation marks omitted). Although "mere proximity to the contraband" is insufficient to establish dominion and control over it, *United States v. Blue*, 808 F.3d 226, 232 (4th Cir. 2015), "circumstantial evidence may be sufficient, considering the totality of the circumstances surrounding the defendant's arrest and his alleged possession, to establish constructive possession," *Moody*, 2 F.4th at 190 (cleaned up). Notably, "[t]here is an inference that the driver of [a] vehicle has knowledge of the contraband within it." *Id.* at 191 (internal quotation marks omitted). And we have further explained that "if a factfinder determines that a driver had dominion and control over a *vehicle*, that is sufficient to establish constructive possession of contraband hidden in that vehicle." *Id.*

3

Here, law enforcement officers stopped Redfern for driving with a revoked license. After being pulled over, Redfern immediately exited the car—of which he was the sole occupant—and shut the door. After a dog sniff search alerted to the presence of narcotics, Redfern attempted to leave the scene and was detained. Officers searched the car and recovered marijuana from the driver's seat, a Glock 20 handgun from the glovebox, and a backpack from the backseat containing marijuana divided into different bags, additional sandwich bags, a digital scale, and $260 in cash. At sentencing, Redfern's sister testified that she owned both the car Redfern had been driving and the firearm, which she stated she kept in her glovebox during the week because she worked early mornings.

In finding that a preponderance of the evidence supported the conclusion that Redfern constructively possessed the Glock 20, the district court highlighted that law enforcement officers had stopped Redfern twice with marijuana and loaded firearms in the eight months prior to the December traffic stop; he was alone in the car at the time of the stop; and he immediately exited the vehicle and closed the door, which was consistent with prior efforts to avoid arrest and "show[ed] some knowledge that he had items in the car that he shouldn't have had." (J.A. 55).[2] The court further observed, "There's nothing to indicate [Redfern] didn't know the gun was there," opining that "it just seems unlikely that he did not know that it was there" and questioning whether someone would "let him drive [the] car without telling him there was a gun in it." (J.A. 55-56). The court thus concluded that upon consideration of "the two previous events and then just sort of the totality of the

[2] Citations to "J.A." refer to the joint appendix filed by the parties on appeal.

4

situation" (J.A. 56), a preponderance of the evidence established that Redfern possessed the Glock 20.

Redfern argues on appeal that there was no evidence that he knew the challenged firearm was in the glovebox or that he intended to exercise dominion and control over it. But circumstantial evidence is sufficient to establish constructive possession, *Moody*, 2 F.4th at 190, and the district court's finding that the totality of the circumstances established Redfern's possession need only be "plausible," *Ferebee*, 957 F.3d at 417. Upon review of the record, we discern no clear error in the district court's finding that it was more likely than not that Redfern constructively possessed the challenged firearm.

Accordingly, because Redfern conceded that he possessed the other two firearms, we find that the court did not err by applying the USSG § 2K2.1(b)(1) enhancement.[3] We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[3] Because we conclude that the district court did not err, we need not address the Government's alternative argument that any error in the application of the Guidelines enhancement is harmless.